**ROBINSON et al.**
v.
**TRACY et al.**
No. 8997.

United States District Court,
W. D. Missouri, W. D.
Aug. 5, 1954.

Haskell Imes, Kansas City, Mo., for plaintiffs.

Caldwell, Downing, Garrity & Eastin, Kansas City, Mo., for defendant, Jack N. Tracy.

Rogers, Field & Gentry, Kansas City, Mo., for defendant, Yellow Cab Co. of Missouri.

WHITTAKER, Judge.

I deal now with the motion of the plaintiff, Japolene Moore, titled "Motion to Change Date of Deposition and for Expenses Prepaid", which really amounts to a motion, under Rule 30(b) of Federal Rules of Civil Procedure, 28 U.S. C.A., to quash a notice served by defendant upon her counsel to take her deposition, upon oral examination, under Rule 30(a), at the office of defendant's counsel in Kansas City, or, in the alternative, to require defendant to advance her expenses in making the trip from her home in Las Cruces, New Mexico to Kansas City and return, for the purpose, said to amount to $200.

The motion recites that Japolene Moore is a poor person and does not have the money to finance the trip, and that, inasmuch as her counsel and counsel for defendant reside in Kansas City, "it would be less expensive to take the deposition in Kansas City than in Las Cruces, New Mexico", and it asks an order directing defendant to advance $200 to cover her expenses in coming here. Defendant counters, saying that the plaintiff chose this forum and points to the familiar cases holding that in that situation the plaintiff is not in a good position to resist giving her oral deposition at the place of suit, and seizes upon plaintiff's admission that it would be less expensive to take the deposition here than in Las Cruces, New Mexico, as a sound reason for overruling the motion.

Ordinarily, plaintiff having chosen this forum, the court should, and

would, under the familiar cases [1], require the plaintiff to come here at her own expense and give her deposition, but in view of the fact that the accident that caused the death that gives rise to this suit occurred in Kansas City and the other plaintiff lives in Kansas City, this is a forum as convenient to all the parties as any other, and in view of the fact that it is stated in the first amended petition (though now abandoned by the filing of a second amended petition) that the principal dependent of the deceased was not plaintiff, Japolene Moore, but the other plaintiff, her sister, Jimmie Lee Robinson, and Japolene Moore is, therefore, more or less a nominal, though necessary, party to the suit, and because she says she does not have the money to pay her expenses to Kansas City and return (which, if required, in these circumstances might force dismissal of the suit without a trial on the merits), and because she was not an eye witness to the occurrence and could only testify concerning family relationship and dependency, I do not feel it would be just and proper to require Japolene Moore to stand the expenses of coming to Kansas City to give her deposition on oral examination, but, rather, believe that an adequate examination of her knowledge, in the circumstances here, can be made through a deposition upon written interrogatories under Rule 31 (assuming she will fully and non-evasively answer), and that, therefore, the motion to quash the notice to take the deposition of Japolene Moore at Kansas City should be sustained, but without prejudice, so that a new notice to take her deposition on oral examination at Kansas City might be served if she shall fail fully and non-evasively to answer written interrogatories. That action automatically disposes of plaintiff's request for an order to require the defendant to advance $200 to cover the expenses of this party-witness in coming to Kansas City to give her deposition.

It is therefore Ordered and Adjudged by the Court that the motion of plaintiff, Japolene Moore, filed herein on March 24, 1954, titled "Motion to Change Date of Deposition and for Expenses Prepaid" should be, and it is hereby, denied, but without prejudice.

## Memorandum and Order

I deal now with what is termed "Plaintiffs' Answers and Objections to Interrogatories of Defendants", filed herein on June 24, 1954.

On June 15, 1954 defendant, Yellow Cab Company, served seven interrogatories, under Rule 33 of Federal Rules of Civil Procedure, upon the plaintiffs' counsel. The first three of those interrogatories read as follows:

"1. State whether the defendant, Yellow Cab Company's taxi cab, or the automobile driven by defendant Tracy, struck the decedent.

"2. If it is claimed that both vehicles struck the decedent, state which vehicle first struck the decedent.

"3. If it is claimed that both vehicles struck the decedent at the same time, describe the position the decedent was in at the time it is claimed that both vehicles struck the decedent."

The remainder of the interrogatories asked the location and position of decedent in the intersection at the time struck and whether she was walking or standing, and if walking, in what direction.

On June 24 plaintiffs' counsel, not plaintiffs as required by Rule 33 in the case of individuals, filed the paper I have mentioned, titled "Plaintiffs' Answers and Objections to Interrogatories of Defendants." It is in two paragraphs.

1. Sullivan v. Southern Pacific Co., D.C., 7 F.R.D. 206; Producers Releasing Corp. v. PRC Pictures, D.C., 8 F.R.D. 254, 256; Fruit Growers Co-op v. California Pie & Baking Co., Inc., D.C., 3 F.R.D. 206.

The first says, in substance, that plaintiffs were not present at the time and place of their mother's death "and have no knowledge of what caused her death, and, therefore, state that they are unable to answer any of the interrogatories propounded by Yellow Cab Company of Missouri." The second paragraph says "Plaintiffs further object to said interrogatories for the reason that the matters requested therein should be in the nature of a motion to make more definite and certain, rather than interrogatories". (I should state right here, I find this to be an unsound position, as Rules 33—Interrogatories—and 12(e)—Motions for more definite statement—of Federal Rules of Civil Procedure, are not mutually exclusive and a party may consistently employ either or both.)

■■ While it is quite true that a party interrogated need only answer matters of fact within his knowledge and is not required, ordinarily, to search out information, or to state opinion or hearsay, Canuso v. City of Niagra Falls, D.C., 4 F.R.D. 362, Nelson v. Reid, D.C., 4 F.R.D. 199, Fox v. Fisher, D.C., 39 F. Supp. 878, Onofrio v. American Beauty Macaroni Co., D.C.Mo.1951, 11 F.R.D. 181, and plaintiffs' answer that they were not eye witnesses and do not know the details of the accident is probably a sufficient answer, and all that can be required, under the circumstances here, to interrogatories 4, 5, 6 and 7, Caldwell-Clements, Inc. v. McGraw-Hill Pub. Co., D.C., 12 F.R.D. 531, yet that is not an excuse for plaintiffs' failure to answer interrogatories numbered 1, 2 and 3, for it will be noted that they do not ask for detailed facts of the accident. Rather, they ask what plaintiffs *claim*. Note that the first interrogatory asks, in effect, whether plaintiffs claim the cab or the automobile struck decedent. The second one asks whether plaintiffs claim they both struck the decedent, and, if so, which one they claim first struck her. Interrogatory 3 asks whether plaintiffs claim that both vehicles struck the decedent at the same time. Surely plaintiffs know what they claim. One of the principal purposes of interrogatories is to make the claims known. It follows that plaintiffs have evaded—not answered—interrogatories numbered 1, 2 and 3, and they must answer them.

It is therefore Ordered and Adjudged by the Court that plaintiffs' objections to interrogatories numbered 4, 5, 6 and 7, submitted by defendant, Yellow Cab Company, (concerning which plaintiffs say they have no knowledge) should be, and they are hereby, sustained, but it is further Ordered and Adjudged by the Court that plaintiffs' objections to interrogatories numbered 1, 2 and 3, submitted by defendant, Yellow Cab Company, be, and they are hereby, overruled and plaintiffs are directed to answer the same within 10 days.