**Camillus G. LIEB**

v.

**The PENNSYLVANIA RAILROAD COMPANY.**

Civ. A. No. 19084.

United States District Court
E. D. Pennsylvania.

Oct. 6, 1955.

Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

Plaintiff's action claims for injuries allegedly suffered while cleaning defendant's locomotive. Defendant initially objected to plaintiff's interrogatories 7(b), 26, 29 and 36. By agreement, counsel have since disposed of all objections except that to 7(b).

Interrogatory 7(a) inquired whether defendant had any information that plaintiff's alleged injuries or loss of earnings were actually the result of prior or subsequent injuries sustained in another accident or were the result of disease or other causes: 7(b) then asked,

"If so, specify the nature and extent of plaintiff's disability which defendant alleges to be due otherwise than to the accident in suit."

The gist of defendant's objection is that a statement of the nature and extent of plaintiff's disability requires an expression of opinion or of a conclusion, probably expert in character. The question does not seek to elicit such a statement. It demands to know only what defendant alleges or claims is the nature and extent of any disability of the plaintiff which defendant alleges or claims arises from a cause other than the accident in suit. Such an inquiry which serves to identify or narrow the issues is permissible. Robinson v. Tracy, D.C., 16 F.R.D. 113; Webster Motor Car Co. v. Packard Motor Car Co., D.C., 16 F.R. D. 350; 4 Moore's Federal Practice, 2d Ed., Sec. 33.17, p. 2311.

The objection is overruled.