**B. & S. DRILLING COMPANY, Inc.,**
Plaintiff,

v.

**HALLIBURTON OIL WELL CEMENT-
ING COMPANY, Defendant.**

No. 11148.

United States District Court
S. D. Texas,
Houston Division.

June 4, 1959.

1

Dow & Dow (Melvin A. Dow), Houston, Tex., for plaintiff.

Vinson, Elkins, Weems & Searls, B. Jeff Crane, Jr., Houston, Tex., and Robert O. Brown, Duncan, Okl., for defendant.

INGRAHAM, District Judge.

Interrogatories have been filed under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. by defendant, and plaintiff has filed its objections thereto.

In Interrogatories Nos. 1 and 2 defendant requests plaintiff to state "in what respect you contend this defendant was negligent" in bringing about the losses sued for, including the names of the employees of defendant who plaintiff contends were so negligent, the acts and omissions that plaintiff contends constitute negligence, and the names, addresses, or locations of each of the witnesses from whom plaintiff obtained information used in answering said interrogato-

ries. In Interrogatory No. 13 defendant questions whether plaintiff "contends" that any of the employees of defendant who were present during the cementing operation of the oil well, or prior to that time, had any knowledge of the condition of the well bore of said well or the casing and other equipment located therein, while in Interrogatory No. 14 defendant inquires what knowledge plaintiff "contends" defendant's employees possessed and how plaintiff "contends" that they came into possession of such knowledge. Plaintiff objects to Interrogatories 1, 2 and 14 because it alleges that they improperly asked plaintiff to state evidence on which it intends to rely to prove a particular fact. In justifying these interrogatories defendant claims to be entitled to narrow the issues to be tried and to obtain commitments as to plaintiff's position with respect to issues of fact.

█ In the opinion of the court plaintiff's objections to said interrogatories should be denied. Defendant seems to be trying to ascertain what "particular facts" plaintiff is seeking to prove, rather than trying to extract a résumé of plaintiff's evidence. Furthermore, while a party may not be required to list items of evidence he expects to use or to state what witnesses he will call, interrogatories may inquire into the factual or evidentiary basis of a party's allegations and may require the disclosure of the names of all persons having knowledge of the facts pertaining to the occurrence out of which the action arose. Such interrogatories serve the justifiable purpose of narrowing the factual issues to be tried from plaintiff's broad allegations of negligence to specific acts or omissions of defendant's employees on which the issue of negligence will be decided. 2 Barron and Holtzoff, Federal Practice and Procedure, Sec. 766 et seq. (1950).

█ The legitimate intention of defendant further can be inferred from the manner in which he has asked his questions. It has inquired in what respect plaintiff *contends* that defendant was negligent or *contends* that defendant's employees were possessed of certain knowledge. These interrogatories do not request plaintiff to "state the evidence upon which (it) will rely" to show certain facts, as did the interrogatories in V. D. Anderson Co. v. Helena Cotton Oil Co., D.C.E.D.Ark.1953, 117 F.Supp. 932, 941, cited by plaintiff to support its objection. Rather, these interrogatories seem similar to the factual questions propounded in Robinson v. Tracy, D.C.W.D.Mo.1954, 16 F.R.D. 113, cited by defendant, in which then Judge Whittaker noted that the interrogatories asked what plaintiffs *claim*. "Surely plaintiffs know what they claim" he stated. "One of the principal purposes of interrogatories is to make the claims known." Robinson, supra, at page 116. By asking what plaintiff *contends* defendant in the case at bar is inquiring in effect what plaintiff *claims*.

█ In Interrogatory No. 4 defendant refers to the allegations made in Paragraph 4 of plaintiff's petition regarding large sums of money spent for coring services, Schlumbergers, attorneys' fees, tools and labor, and in connection with each of these items asks what amounts were paid, to whom such amounts were paid, and when such amounts were paid. Plaintiff objects to said interrogatory because it has made available to defendant plaintiff's invoices, receipts, and other records requested by defendant at the time of the taking of the depositions of Willie Bower and W. O. Furlow. In justifying this interrogatory defendant claims that plaintiff did not produce records of any kind supporting plaintiff's claim that expenses aggregated approximately the sum specified as incurred in connection with this well. It has specified which allegations of expenses on which no records or on which incomplete records have been produced. It has stated that, in effect, defendant is attempting to obtain information which the witness, Willie Bower, testified that he would turn over to his attorney, counsel for plaintiff.

**4**

In the opinion of the court plaintiff's objection to said interrogatory should be denied. In examining the deposition of witness Bower, it is apparent that the witness was unable at that time to answer clearly the questions put to him concerning the expenses connected with the drilling of this well. Though he may have complied in whole or in part with defendant's request at the deposition for a statement of such expenses by supplying records, defendant still is entitled to obtain a clear answer subsequently through interrogatories, unless a hardship or injustice would be done to plaintiff thereby. The various methods of discovery are intended to be cumulative, not alternative or exclusive. If a party wishes to object to an interrogatory on the grounds of a prior deposition or production of documents covering the same question, it is incumbent upon that party to show that a hardship or injustice is being done to it. There has been no such showing by plaintiff in the case at bar. See 4 Moore's Federal Practice (2d Ed., 1950), Sec. 33.09, and Hornung v. Eastern Automobile Forwarding Co., D.C.N.D.Ohio 1951, 11 F.R.D. 300.

In Interrogatories Nos. 7 and 8 defendant requests plaintiff to state what tests were made on Rodenberg Wells Nos. 1 and 2 during the drilling of such wells or after their completion to determine the oil producing capabilities of said wells, including electrical logs, core analyses, and pressure tests. Plaintiff objects to said interrogatories because questions inquiring as to such matters were asked of Willie Bower and W. O. Furlow at the time of the taking of their depositions. Defendant's brief does not offer any material in justification of these interrogatories.

In the opinion of the court, nevertheless, plaintiff's objections to said interrogatories should be denied. The burden of proof is on plaintiff, as the objecting party, to show that his objections to interrogatories should be sustained. Mall Tool Co. v. Sterling Varnish Co., D.C.W.D.Pa.1951, 11 F.R.D. 576. Plaintiff has not met that burden in the case at bar. As stated in the discussion concerning the objection to Interrogatory No. 4, supra, if a party wishes to object to an interrogatory on the grounds of a prior deposition, it is incumbent upon that party to show that a hardship or injustice is being done to it. There has been no such showing by plaintiff in the case at bar.

In Interrogatories Nos. 9 and 10 defendant asks whether plaintiff contends that Roy Tittle, an employee of defendant, offered to pay any party or witness to testify to any matters helpful to defendant in connection with this case or to favor defendant in his testimony and, if plaintiff so contends, requests the names, addresses, and locations of the witnesses from whom plaintiff obtained such information. Plaintiff objects to said interrogatories on grounds that such matters would be hearsay as to plaintiff and its officers and that such matters represent the work product of plaintiff's attorneys and the results of investigation made by plaintiff and its attorneys after the cause of action arose. In justifying these interrogatories defendant claims that the scope of inquiry on interrogatories requires that the names, identity, and locations of witnesses known to the parties or their attorneys be furnished in answer to such interrogatories. The names and locations of witnesses, defendant contends, are not the work product of the lawyer and are not privileged, though the information be solely within the possession of counsel.

In the opinion of the court plaintiff's objections to said interrogatories should be denied. As stated in the discussion concerning the objections to Interrogatories Nos. 1, 2 and 14, supra, defendant seems to be trying to ascertain what "particular facts" plaintiff is seeking to prove. In querying plaintiff's contentions in this regard, defendant in effect is asking what plaintiff claims. Such interrogatories serve the laudable

purpose of narrowing the factual issues to be tried. It is established that such interrogatories may require the disclosure of the names of all persons having knowledge of the facts pertaining to the occurrence out of which the action arose. See 2 Barron & Holtzoff, Federal Procedure and Practice, Sec. 766.

An objection cannot be sustained to said interrogatories on grounds of inadmissibility at trial as hearsay evidence. Rule 33 states that interrogatories may relate to any matters that can be inquired into under Rule 26(b), which specifies that it is not ground for objection that the testimony sought will be inadmissible at trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. The primary purpose of interrogatories is not to gather evidence for use at trial but to enable the interrogating party to learn all the relevant facts of the case. Thus interrogatories relating to relevant and non-privileged matter are proper, even though the answers might be hearsay or otherwise inadmissible in evidence. See 4 Moore's Federal Practice (2d Ed., 1950), Sec. 30.-11. The court reserves ruling on its admissibility at the trial.

Similarly, an objection cannot be sustained to said interrogatories on the ground that such matters represent the work product of plaintiff's attorneys and the results of investigation made by plaintiff and its attorneys after the cause of action arose. The case at bar does not come within the rule of Hickman v. Taylor, which protects from discovery the "work product of the lawyer", reflected in interviews, statements, memoranda, briefs, mental impressions, and personal beliefs of counsel. In Hickman v. Taylor, 1946, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, Justice Murphy characterized the deposition-discovery rules as follows:

" * * * No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise." Hickman, supra, 329 U.S. at page 507, 67 S.Ct. at page 392.

The court recognized, though, "ultimate and necessary boundaries" to this procedure, including the policy against unjustified invasion of an attorney's course of preparation. An attempt to secure written statements, private memoranda, and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties was considered outside the area of discovery and in contravention of the public policy underlying the orderly prosecution and defense of legal claims.

The interrogatories in the case at bar are decidedly different from those in the Hickman case. Here defendant is seeking to determine what plaintiff contends or claims concerning a factual situation which would probably be relevant to the testimony of defendant's witnesses on trial. A plaintiff cannot be reluctant. In order to prepare to meet such an issue defendant asks what plaintiff contends and from what witnesses he obtained the information on which his contention is based. Such an inquiry is within the legitimate boundaries of discovery, even though plaintiff, his attorneys, or other investigators may have uncovered such facts after the cause of action arose and though the information may be in the possession of plaintiff's attorneys. In contrast the interrogatories in the Hickman case inquired whether statements were taken from certain witnesses or concerned certain occur-

**6**

rences and requested the adverse party to attach exact copies of all such statements if in writing and if oral to set forth in detail the exact provisions of any such oral statements. Such interrogatories would indeed invade the privacy of an attorney's files and thoughts and unjustifiably interfere with the preparation of the case. On the other hand, the interrogatories in the case at bar would ferret out material, non-privileged facts that otherwise might be hidden from defendant until the time of trial. Plaintiff will not be permitted to so surprise defendant if proper interrogatories have been submitted.

The case at bar can be readily distinguished from the cases cited by plaintiff. In Forsythe v. Baltimore & O. R. Co., D.C.W.D.Pa.1954, 15 F.R.D. 191, the court granted an interrogatory inquiring on what acts or omissions defendant based his allegations of contributory negligence and denied that the interrogatory called for the work product of the attorney. This interrogatory is similar in nature to those in the case at bar. In Cleminshaw v. Beech Aircraft Corporation, D.C.Del.1957, 21 F.R.D. 300, the court denied an interrogatory which questioned whether the party was relying on the res ipsa loquitur doctrine on the ground that it sought the work product of counsel. The court contended that only counsel would have thought of res ipsa loquitur and that only a client learned in the law would have knowledge of it. Probaby this is true. Even with the assistance of "high-school Latin", the ordinary person would not be familiar with the meaning attributed to this inscrutable phrase by common-law courts. In contrast defendant in the case at bar is exploring plaintiff's contentions regarding matters of fact, rather than legal theory, and concerning facts that the ordinary person would understand and consider relevant to his case.

The opinions of the District Court for the Western District of Missouri in O'Brien v. Equitable Life Assur. Soc., 13 F.R.D. 475, and Snyder v. Atchison, T. & S. F. Ry. Co., 7 F.R.D. 738, do not seem persuasive. In both of these cases requests were made for reports, statements, and other matters closely associated with counsel's preparation of the case and which would be protected within the rule of Hickman v. Taylor. On the other hand, interrogatories were denied which would seem to have been legitimate inquiries about the names and addresses of witnesses to particular facts. The approach of this court seems narrower than the mandate of the Hickman case.

In Interrogatories Nos. 16, 17, 18 and 19 defendant inquires in substance (1) whether W. O. Furlow was acting within the scope of his authority for plaintiff when he signed a working order mentioned previously in Interrogatory No. 15 and if not, why not, and (2) whether the contractual provisions contained in the work order are binding on plaintiff and if not, why not. Plaintiff objects to said interrogatories because they call for a legal conclusion. In justifying these interrogatories defendant claims that the discovery rules are intended to simplify the issues before the court and to require the parties to commit themselves to some position with respect to such issues. That this may require the parties to form and state conclusions, defendant contends, is no valid objection to interrogatories properly propounded in compliance with the rule.

In the opinion of the court plaintiff's objections to said interrogatories should be denied. The problem involved in these interrogatories seems to be an extension of the one discussed previously in connection with Interrogatories Nos. 1, 2 and 14, namely, how far can interrogatories make known the claims and contentions of either party. In Interrogatories Nos. 1, 2 and 14, defendant sought to ascertain what acts or omissions of its employees plaintiff was relying on to prove negligence or knowledge of the con-

dition of the well. In the present interrogatories a commitment is being sought regarding broader issues than plaintiff may seek to prove or dispute. Is it not a logical extension of the discovery procedure to inquire whether certain issues, going deeply to the merits of the case, will be disputed and how they will be disputed, so that they may be eliminated before trial or clarified as issues that the adverse party can be prepared to meet?

 It is true that many cases have held that interrogatories are improper which call for opinions, conclusions, or contentions. Most of these decisions, though, are based on narrower conceptions of the discovery procedure than warranted by the text or purpose of the rules. While some courts have held that the discovery procedure is limited to the ascertainment of facts and nothing else, the line between fact and conclusion is frequently an uncertain and illogical one. The discussion in 4 Moore's Federal Practice (2d Ed., 1950), Sec. 33.17, cited by defendant, seems persuasive on this issue. Answering interrogatories that may call for legal conclusions does not withhold from the jury questions that it *properly* should decide upon all the evidence. In the present interrogatories plaintiff is faced squarely with the question of his contentions on certain issues. If it does not dispute defendant's contentions, these issues can be eliminated upon trial. If it does dispute defendant's contentions on these issues, plaintiff can state the reasons why and so clarify the issues for trial. Through proper preparation on the clarified issues, both parties can present facts justifying their contentions to the jury in a manner that the jury can more clearly understand and on the basis thereof come to a decision.

Accordingly, all of plaintiff's objections to defendant's interrogatories will be denied. The clerk will notify counsel to draft and submit order accordingly.