**GULF CONSTRUCTION COMPANY,**
Plaintiff,

v.

**ST. JOE PAPER COMPANY, Defendant.**
Civ. A. No. 12130.

United States District Court
S. D. Texas,
Houston Division.
Nov. 12, 1959.

Bracewell, Reynolds & Patterson (William H. White), Houston, Tex., for plaintiff.

Fulbright, Crooker, Freeman, Bates & Jaworski (B. J. Bradshaw), Houston, Tex., for defendant.

INGRAHAM, District Judge.

Defendant is seeking production of documents under Rule 34, Fed.Rules Civ. Proc. 28 U.S.C.A., in an action on a construction contract, pursuant to which plaintiff construction company alleges that it ordered structural steel from a steel fabricator, Macomber, Inc., as material for building a plant or plants for defendant paper company. A substantial part of the damages claimed by plaintiff involves said orders placed with Macomber for which plaintiff alleges that it is obligated to pay the full purchase price of $182,000.

Through taking depositions of plaintiff's agents, defendant alleges that it has uncovered the following facts: (1) that Macomber delivered only part of the steel ordered for the Houston plant and did not even fabricate any steel for any other proposed building involved; (2) that the steel which Macomber delivered for the Houston plant was returned by plaintiff; (3) that Macomber undertook to dispose of said steel and thus minimize any damages; and (4) that plaintiff has not paid Macomber for any steel or for any design or engineering work. It claims that said depositions further disclose that the documents listed numbers 1 through 23 in defendant's motion were then contained in plaintiff's files, that plaintiff's attorneys have had correspondence and/or conversation with Macomber, and that the information contained in these documents includes the amount which Macomber claimed plaintiff still owed on the purchases of steel. Plaintiff has refused to reveal this information.

If it has any liability to plaintiff for the steel, defendant contends that its liability is limited to the amount of plaintiff's liability to Macomber, that Macomber is obligated to minimize any damages, and that plaintiff has the same duty of mitigation to defendant. Information concerning mitigation of damages would likely involve correspondence or conversations which occurred after the alleged breach of contract by defendant. The first 23 items requested by defendant are documents in the course of correspondence between plaintiff and Macomber. Items 24 through 27 may involve correspondence and conversations between plaintiff's attorneys and Macomber.

As to all of these documents plaintiff asserts that they "contain information, memorandum and concerned transactions and preparations made by plaintiff's counsel in the investigation and preparation of its cause for trial, made either by plaintiff's counsel or under plaintiff's counsel's instructions, control, and supervision by agents in the preparation of this cause for trial thereof" and claims the benefit of the Hickman v. Taylor rule as the work product of the lawyer and as confidential communication between attorney and client.

In the opinion of the court all of the documents requested should be produced in the interest of obtaining a firm figure on mitigation of damages and to avoid any unjust enrichment of plaintiff by any award which may give it the unmitigated purchase price of the steel. Under Rule 34 these documents must be produced because they are not privileged as confidential communications between attorney and client and because their production is not barred by the Hickman v. Taylor rule.

The motion for discovery and production cannot be resisted by plaintiff on the ground of the attorney-client privilege. It is evident that defendant is requesting documents which passed between plaintiff and Macomber and between plaintiff's counsel and Macomber. The fact that plaintiff's alleged creditor, Macomber, was a party to these communications is sufficient alone to show that such communications were not private or confidential between plaintiff and its attorneys. In addition, it is not shown that any of the listed documents was a communication between plaintiff and its attorneys. The Supreme Court has held that the attorney-client privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation. Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Clearly any communications involving Macomber would fall within this rule.

Likewise, defendant's motion cannot be resisted on the ground of the Hickman v. Taylor rule protecting the work product of the lawyer from unjustified discovery by an adverse party. This court's philosophy concerning the Hickman v. Taylor rule is stated in its opinion in B. & S. Drilling Co., Inc. v. Halliburton Oil

Well Cementing Co., D.C.S.D.Tex.1959, 24 F.R.D. 1, at pages 4–6, which involved interrogatories under Rule 33. Defendant therein queried whether plaintiff contended that an employee of defendant offered to pay any party or witness to testify to any matters helpful to defendant in connection with the case or to favor defendant in his testimony and, if plaintiff so contended, requested the names, addresses, and locations of the witnesses from whom plaintiff obtained such information. Plaintiff invoked the Hickman v. Taylor rule, claiming that the matter in question represented the work product of its attorneys and the results of investigation made by plaintiff and its attorneys after the cause of action arose.

In granting said interrogatories in the B. & S. Drilling case, the court stated:

"The interrogatories in the case at bar are decidedly different from those in the Hickman case. Here defendant is seeking to determine what plaintiff contends or claims concerning a factual situation which would probably be relevant to the testimony of defendant's witnesses on trial. *A plaintiff cannot be reluctant* . (Emphasis supplied.) In order to prepare to meet such an issue defendant asks what plaintiff contends and from what witnesses he obtained the information on which his contention is based. Such an inquiry is within the legitimate boundaries of discovery, even though plaintiff, his attorneys, or other investigators may have uncovered such facts after the cause of action arose and though the information may be in the possession of plaintiff's attorneys." B. & S. Drilling, supra, 24 F.R.D. at page 5.

■ These comments apply equally to the present motion for discovery and production of documents, since the movant in Hickman v. Taylor was seeking written statements of witnesses taken by the adverse party's attorney. In ruling upon a motion for discovery that is resisted on the ground of Hickman v. Taylor, a court must decide three basic questions: (1) Would such discovery serve a justifiable purpose, such as narrowing and clarifying the basic issues, claims, and contentions of the parties or ascertaining facts or information as to the existence or whereabouts of facts relative to such issues? (2) Is the information requested truly part of the work product of the lawyer, produced in preparation of a client's case and so intimately concerned with the functioning of the lawyer that its revelation would have a demoralizing effect on the legal profession? (3) Has there been any showing of necessity or any indication or claim that denial of such production would unduly prejudice the movant or cause him any hardship or injustice?

■ Regarding the first question, it is apparent that the information sought by this motion for discovery would serve to narrow and clarify the basic issues, claims, and contentions between the parties. Plaintiff claims damages in the sum of $182,000, the full purchase price of the steel which it alleges that it ordered from Macomber and which it alleges that it is legally obligated to pay. Defendant alleges facts indicating that plaintiff may not have been damaged in the full amount of the purchase price; it is entitled to know before trial what actual damages were sustained by plaintiff so that the issue of mitigation of damages can be properly raised. As Mr. Justice Murphy stated in Hickman v. Taylor, the Federal Rules "restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial." Hickman v. Taylor, supra, 329 U.S. at page 501, 67 S.Ct. at page 389. A plaintiff cannot be reluctant when a defendant seeks to discover the true extent of the claims asserted against it.

Regarding the second question, the court believes that the documents re-

quested do not constitute the work product of the lawyer, produced in preparation of a client's case and so intimately concerned with the functioning of the lawyer that their production would have a demoralizing effect on the legal profession. It is doubtful at least that the requested documents were prepared in direct relation to the case at bar; rather, they would seem to concern Macomber's claim against plaintiff, which could be a law suit in itself. Hickman v. Taylor involved the discovery and production of statements of witnesses acquired by counsel in anticipation of the litigation then before the court. None of the requested documents appear to be statements of witnesses or other material produced in preparation for this law suit, unless it can be presumed that Macomber will be a witness herein.

Furthermore, it is apparent that many of these documents fall outside the Hickman v. Taylor rule because they were not actually prepared by the lawyer himself. Plaintiff contends that the rule extends to documents "made either by plaintiff's counsel or under plaintiff's counsel's instructions, control, and supervision *by agents of plaintiff* in preparation of this cause for the trial thereof." (Italics supplied). Such a broad interpretation would cover any document concerning mitigation of damages, written by an officer or employee of plaintiff, which plaintiff's house counsel may have advised, approved, or "initialed". The cases following Hickman v. Taylor specifically have denied the benefit of that rule to claim agents who have prepared accident reports, even where said agents have taken such reports under the supervision of attorneys in charge of corporate claim departments. Thomas v. Pennsylvania R. Co., D.C.E.D.N.Y.1947, 7 F.R.D. 610; Newell v. Capital Transit Co., D.C.D.C.1948, 7 F.R.D. 732; Szymanski v. New York, N. H. & H. R. Co., D.C.S.D.N.Y.1952, 14 F.R.D. 82; and Durkin v. Pet Milk Co., D.C.W.D.Ark. 1953, 14 F.R.D. 385.

Regarding the third question, the court believes that sufficient necessity or good cause has been shown both under Rule 34 and the Hickman v. Taylor rule. The contract for the purchase of the steel existed between plaintiff and Macomber; defendant was not a party to that transaction. The best evidence of mitigation of damages would be the correspondence between plaintiff and Macomber concerning the claim of the latter for payment of the purchase price against plaintiff. There is no indication, however, that defendant has taken any depositions of any agents, employees, or officers of Macomber concerning its claim against plaintiff, or has made any other effort to obtain this information beyond taking the depositions of plaintiff's agents. Thus it could be argued that defendant has not shown such exceptional circumstances that correspondence from plaintiff's attorneys to Macomber should be revealed.

But this is a case in which plaintiff has alleged damages involving the purchase price of these materials and is now refusing to tell what was the actual amount of damages sustained by it. A plaintiff cannot be reluctant. Even though defendant may take depositions of agents of Macomber, there is no assurance that such depositions would be as revealing as the correspondence between plaintiff and Macomber, evidencing the give-and-take between the contracting parties on the issue of mitigation. Furthermore, a motion for discovery and production of documents under Rule 34 can only be asserted against a party to the action and not against a potential witness. Thus there would seem to be a sufficient showing of necessity or justification for the production of these documents.

Defendant's motion for discovery and production of documents will be granted. The clerk will notify counsel to draft and submit appropriate order.