**McCULLOUGH TOOL COMPANY, a corporation, Plaintiff,**

v.

**PAN GEO ATLAS CORPORATION, a corporation, Pgac Development Company, a corporation, and Serge A. Scherbatskoy, an individual, Defendants.**

Civ. A. No. 65–H–495.

United States District Court
S. D. Texas,
Houston Division.

July 20, 1966.

Harris & Larkin, Paul E. Harris and Lee R. Larkin, Houston, Tex., for plaintiff.

Fulbright, Crooker, Freeman, Bates & Jaworski, James F. Weiler, Houston, Tex., for defendants Pan Geo Atlas Corp. and PGAC Development Co.

Fred Parks, Houston, Tex., for defendant Serge A. Scherbatskoy.

*Memorandum:*

INGRAHAM, District Judge.

Plaintiff, McCullough Tool Company, seeks money damages and other relief from the defendants, Pan Geo Atlas Corporation and PGAC Development Company (jointly referred to as "Pan Geo-Development") and Serge A. Scherbatskoy ("Scherbatskoy"). Pan Geo-Development has filed a counterclaim against plaintiff and a cross-claim

against Scherbatskoy. The following motions are now before this court:

1. Pan Geo-Development's motion for the production of documents.

2. Pan Geo-Development's motion for the certification of relevance of certain documents in the possession of the United States Patent Office.

3. Plaintiff's motion to dismiss Pan Geo-Development's counterclaims.

4. Scherbatskoy's motion to be dismissed from the action.

The various alleged facts underlying this litigation are complex and will be summarized only briefly. Plaintiff is the licensee of a United States patent. Scherbatskoy sought a similar patent, and Pan Geo-Development held an interest in Scherbatskoy's application. An interference was set up by the Patent Office between plaintiff's patent and the defendants' application. After nine years of litigation, plaintiff prevailed. The defendants did not appeal.

Plaintiff's suit is based upon allegations that the defendants' application and interference was based upon false and fraudulent claims which the defendants knowingly and wrongfully conspired to prosecute to the detriment of plaintiff. Pan Geo-Development's counterclaim is based upon allegations that plaintiff and Scherbatskoy secretly conspired and contracted to settle their dispute and prevent an appeal by Scherbatskoy's assignee, Pan Geo-Development.

In summary, plaintiff and Pan Geo-Development are aligned against each other, and both sides prosecute claims against Scherbatskoy. Plaintiff is presently prosecuting similar claims against Scherbatskoy in the United States District Court for the Northern District of Oklahoma.

### I.

Pan Geo-Development seeks under Rule 34, Federal Rules of Civil Procedure, the production for inspection and copying of documents listed under 24 headings.

Items 9, 11 and 14 are not disputed by plaintiff and will be granted.

■ Items 1 and 2 call for financial records from plaintiff supporting plaintiff's claim for damages for expenses incurred defending the interference and loss of royalties due to defendants' activities. Plaintiff requests that this discovery be deferred until the issue of liability is resolved, citing Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449 (1933), as authority for this court to do so. This court agrees that it has discretionary power to separate the issues of liability and amount of damages in this case and believes this to be a proper situation for the exercise of that discretion. Discovery of Items 1 and 2 will be deferred until the issue of liability has been resolved.

Items 21, 22, 23 and 24 call for unexpurged correspondence between plaintiff and the inventors of its patents regarding royalty payments to the inventors. Plaintiff objects only to the inclusion of certain portions relating to technical matters unrelated to this lawsuit; Pan Geo-Development does not object to these deletions. Items 21, 22, 23 and 24 will be produced subject to an appropriate protective order under Rule 30, Federal Rules of Civil Procedure.

■ Items 3, 5 and 15 involve correspondence between Scherbatskoy and/or his attorney and plaintiff and/or its attorneys. Plaintiff seeks to invoke the attorney-client privilege for these documents because for a certain time Scherbatskoy was an officer and director of a wholly-owned subsidiary of plaintiff. This business association between plaintiff and Scherbatskoy does not of itself establish an attorney-client relationship between Scherbatskoy and plaintiff's attorneys. The established rule was stated by Judge Wyzanski:

"The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client." United

States v. United Shoe Machinery Corporation, 89 F.Supp. 357, 358 (D.Mass., 1950).

At all times, Scherbatskoy retained his own counsel and dealt with plaintiff at arm's length. There is nothing to indicate that he ever sought to become a client of plaintiff's attorneys. If any of these documents originated with plaintiff, they lost their privileged status, for all the documents sought passed through Scherbatskoy's hands, and he was not a client of plaintiff's attorneys. Production will be ordered.

■ Plaintiff resists discovery of Items 4, 6, 7, 8, 10, 12, 13, 16, 17, 18 and 19 on the theory that they are the "work product" of plaintiff's attorneys. The "work product" doctrine was enunciated by the Supreme Court in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and considered by this court in Gulf Construction Co. v. St. Joe Paper Co., 24 F.R.D. 411 (S.D.Tex.1959). It should be emphasized that work product is accorded only a *qualified* privilege. Unlike privileged material such as attorney-client communications, work product may be ordered produced, but only after a stronger showing of good cause than is otherwise required. As a practical matter, the question of whether materials are work product and whether there is a strong showing of good cause for their production cannot strictly be separated.

■ Items 10, 12, 13, 16 and 18 are notes made by counsel for plaintiff concerning meetings held between plaintiff's president and/or attorneys and Scherbatskoy and/or his attorney. Pan Geo-Development claims that these notes are nothing more than contemporaneous records of the communications exchanged. If this were true, no qualified privilege would attach. But plaintiff objects that the notes also contain mental impressions, theories and conclusions of counsel.

Items 4, 6, 7, 8, and 19 call for reports and memoranda prepared by plaintiff's attorney based on communications received from Scherbatskoy and his attorney. Such reports are not accorded attorney-client privilege because based on communications from a third party, Hickman v. Taylor, supra, 329 U.S. at 504, 67 S.Ct. 385, 91 L.Ed. 451. But again plaintiff maintains that they are work product containing mental impressions, theories and conclusions of counsel.

Item 17 calls for depositions of plaintiff's officials mailed by Scherbatskoy's attorney to plaintiff's attorneys. Plaintiff objects that marginal notes on the depositions contain work product.

Pan Geo-Development maintains that most of these documents have been viewed by third parties, principally Scherbatskoy and his attorney. While this court agrees that any qualified privilege for such documents has been lost, it does not rely on this factor in reaching its decision.

Certain of these documents may contain mental impressions, theories and conclusions of plaintiff's counsel. Nonetheless, viewed under the standards developed by this court, discovery will be ordered.

The principal thrust of these documents concerns Scherbatskoy's relationship with plaintiff and not any attorneys' work product which may also be included. Pan Geo-Development's attempted discovery is not aimed at the mental impressions, theories and conclusions of plaintiff's counsel. The parties in this suit allege double dealings and fraud against each other, Pan Geo-Development alleges secret tortious dealings between plaintiff and Scherbatskoy. In all of these documents, Pan Geo-Development seeks to explore the relationship and dealings between plaintiff and Scherbatskoy. Evidence of these dealings is highly relevant to the issues of this case. That these documents may also contain mental impressions, theories and conclusions of counsel is of secondary importance, and any fortuitous inclusion of at-

torneys' work product will not defeat discovery of the dealings between plaintiff and Scherbatskoy. This court is satisfied that the principal probative value of each document sought is evidence of plaintiff's dealings with Scherbatskoy, and not such attorneys' work product as may be present.

██ This is plaintiff's lawsuit. Plaintiff is before this court due to its own desires and initiative. Pan Geo-Development's counterclaim charges that plaintiff itself conspired unlawfully with Scherbatskoy. *A plaintiff cannot be reluctant.* If plaintiff wishes to prosecute its action before this court, it must be prepared fully to disclose its role in the matters which it has brought before this court.

Discovery is proper under the test established by this court in Gulf Construction Company v. St. Joe Paper Company, supra, 24 F.R.D. at 414: (1) Discovery would serve the justifiable purpose of ascertaining facts relative to the issues. (2) The information requested is not intimately concerned with the functioning of counsel; it is intimately concerned with plaintiff's relationship with Scherbatskoy and only incidentally concerned with the functioning of counsel, if at all. (3) there is no indication of undue prejudice, hardship, or injustice to plaintiff. In short, an especially strong showing of good cause has been made; any qualified privilege which may attach to the documents has been overcome. Pan Geo-Development's motion for the production of Items 4, 6, 7, 8, 10, 12, 13, 16, 17, 18 and 19 will be granted.

██ Item 20 calls for all papers concerning a new interference with plaintiff's patent prosecuted by Scherbatskoy. This interference is relevant, and good cause has been shown for production of the papers. Plaintiff will be ordered to produce such papers as it has.

## II.

██ Pan Geo-Development's second motion is for the certification of the relevance of certain documents now in the custody of the United States Commission of Patents. As to the first two sets of application files, plaintiff stipulates relevance and asks only that the entire files be certified. An order will be entered certifying the relevance of both files in their entirety.

As to the third file, Scherbatskoy's most recent application, this court will also certify relevance.

## III.

 Plaintiff moves to dismiss Pan Geo-Development's counterclaims on the ground that they fail to state a claim upon which relief can be granted. Pan Geo-Development alleges that plaintiff and Scherbatskoy contracted and conspired to defeat the interference prosecuted by Scherbatskoy and Pan Geo-Development. The motion will be denied. The counterclaim states claims which, if proven, could result in the granting of relief. The claim is not barred by the Statute of Limitations, Article 5526, Vernon's Texas Annotated Civil Statutes, for the two year limitation period commenced in December of 1965, when Pan Geo-Development claims it first learned of the alleged dealings between plaintiff and Scherbatskoy.

## IV.

██ Defendant Serge A. Scherbatskoy moves to be dismissed due to lack of jurisdiction over his person, improper venue, insufficiency of process, and insufficiency of service of process. Counsel for plaintiff finds the motion "prolix and confusing". Plaintiff will be allowed 30 days to file a memorandum of facts and legal authorities fully developing its claim of jurisdiction over Scherbatskoy's person, the propriety of venue, the sufficiency of process, and the sufficiency of service of process.

The clerk will notify counsel to draft and submit an order in accordance with this Memorandum.