336

## PENN v. AUTOMOBILE INS. CO. et al.
### No. 9737.

District Court, D. Oregon.
Feb. 16, 1939.

James C. Dezendorf (of Dey, Hampson & Nelson) of Portland, Or., for plaintiff.

John A. Collier and Earl F. Bernard (of Collier, Collier & Bernard), of Portland, Or., for defendants.

McCOLLOCH, District Judge.

An interesting question involving the exercise of discretion under the new Rules has arisen in this case, which is an action to recover for a loss on certain fire insurance policies. The answer sets forth that plaintiff knowingly, wilfully and intentionally caused the insured property to be burned, and plaintiff has now asked the court for an order (under Rule 33, 28 U. S.C.A. following section 723c) directing the defendants to give the names and addresses to all persons known to the defendants who have information or knowledge supporting the defense. In short, defendants say that plaintiff has committed arson, and plaintiff asks defendants, before the trial of this civil action to recover on the fire loss, to arm plaintiff with the names of the witnesses by whom defendants expect to establish the charge of arson. Plaintiff's attorney frankly says that if and when the names of these witnesses are supplied to him, he will then seek by deposition under Rule 26 to interrogate the witnesses as to any knowledge they may have that plaintiff burned the property.

The District Attorney of the county where the property was located has appeared and stated in open court that he expects to press a criminal charge against the plaintiff, and he asserts that public policy will not be served by requiring defendants in the civil action to disclose the evidence that defendants expect to rely on to support the arson charge, which will be essentially the same as the State will use, according to the District Attorney's statement, in the criminal proceeding. This, he says, will be merely providing plaintiff with the opportunity to devise an alibi.

Literally applied, the new Rules entitle plaintiff to the names of defendants' witnesses and to the privilege of interrogating them as to their knowledge of the alleged arson. The New Rules clearly permit inquiry by a plaintiff before trial as to defendant's case, and in the ordinary case plaintiff's request for the names of defendants' witnesses and for the privilege of interrogating them before trial would be granted without question. It seems to me, however, that where public policy intervenes, the Rule should not be applied literally, and I have therefore denied plaintiff's motion to require defendants to furnish the names of their witnesses and to permit their interrogation before trial. If defendants can prove arson, plaintiff should not be armed with the information in advance so as to prepare an alibi. On the other hand, if it develops at the trial that defendants' proof falls short of the

allegation in the answer that plaintiff knowingly, wilfully and intentionally set the fire, just provision can be made to assure plaintiff of a fair opportunity to meet the evidence presented, such as it may be.