**UNITED STATES of America,**
**Plaintiff,**

v.

**James J. MATLES, Defendant.**

**Civ. No. 13121.**

United States District Court
E. D. New York.

Sept. 26, 1956.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for plaintiff, Howard B. Gliedman, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Eugene F. Bannigan, Donner, Kinoy & Perlin, New York City, for defendant.

GALSTON, District Judge.

This is a motion made by the plaintiff in effect excepting to the written interrogatories dated August 13, 1956, served upon the plaintiff on behalf of the defendant.

The action is one to revoke the citizenship of the defendant and to cancel the certificate of naturalization on the ground that the citizenship was obtained

by fraud, and the certificate of naturalization illegally obtained.

The complaint alleges that the defendant filed a petition for naturalization in this court on August 2, 1934, and that he was admitted to citizenship by the court on November 27, 1934. The complaint alleges that the allegations made in the petition for naturalization were false. It is alleged that since 1929, and at the time of his filing the petition for naturalization, the defendant swore allegiance to the Soviet Union, and that he did not intend to renounce his allegiance to that country.

The affidavit of Howard B. Gliedman in support of the Government's motion sets forth that the main point of this action will be to determine whether the defendant was an active member of the Communist party at the times in question, and the affidavit adds that "the vast majority of the witnesses will be persons who are confidential informants to the Government, and who may be submitted to considerable economic and other pressures to persuade them not to testify."

The defendant, pursuant to Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A., served upon the plaintiff the following interrogatories:

"1. State the names and addresses of each witness who will testify on behalf of plaintiff at the trial, as to the facts which will be relied upon at the said trial to establish that the naturalization of the defendant was illegally procured.

"2. State the names and addresses of each witness who will testify on behalf of plaintiff at the trial, as to the facts which will be relied upon at the said trial to establish that the naturalization of the defendant was fraudulently procured.

"3. State the names and addresses of each witness who will testify on behalf of plaintiff at the trial, that the defendant was an active member of the Communist Par-

ty of the United States from 1929 until the date of his naturalization, and has continued such membership until the present time."

■■ In ordinary circumstances the right of the defendant to serve interrogatories within the framework of Rule 33 would not be challenged. But heed must be given to the particular nature of this action. It is quite conceivable that a disclosure at this time of the names of those who have given confidential information to the plaintiff relating to the status of the defendant as a communist, and of his allegiance to the Soviet Union, might bring about obstacles to their attendance as witnesses at the trial of this action. The rule must be applied with discretion. The defendant opposes the motion on the ground that if the interrogatories are not answered, he will be handicapped in his preparation for trial. As to that I have very considerable doubt. Nobody knows better than the defendant what his status was at the time that he foreswore allegiance to any foreign government, when the oath of citizenship was administered to him. Moreover, it must be noted that this is a non-jury action, and the trial judge will have the power, when the Government witnesses are examined at the trial, to grant such adjournment as he may deem fit and proper on a substantial showing by the defendant of the necessity for his so doing.

The exercise of judicial discretion in the consideration of a motion of this kind, relating to Rule 33, of the use of interrogatories, was considered in United States v. Kohler Co., D.C., 9 F.R.D. 289, 290, where the question of the matter of privilege was under consideration, and judicial discretion was sustained. Judge Kirkpatrick took occasion to say:

"Wigmore's statement is that the privilege 'must be recognized for the communications made by informers to official prosecutors, because such communications ought to receive encouragement, and because

that confidence which will lead to such communications can be created only by holding out immunity from a compulsory disclosure of the informant's identity'."

See also Penn v. Automobile Ins. Co., D.C., 27 F.Supp. 336; Vogel v. Gruaz, 110 U.S. 311, 4 S.Ct. 12, 28 L.Ed. 158; United States v. Kelsey-Hayes Wheel Co., D.C., 15 F.R.D. 461, and United States v. Hartmann, D.C., 2 F.R.D. 477.

In the circumstances the motion of the Government is granted.

Settle order.