STONYBROOK TENANTS ASSOCIA-
TION, INC. et al., Plaintiffs,

v.

Joseph ALPERT and Hyman Alpert, dba
Stonybrook Gardens Co. et al.,
Defendants.

Civ. No. 8604.

United States District Court
D. Connecticut.

Dec. 28, 1961.

See also 194 F.Supp. 552.

166

Theodore I. Koskoff, Bridgeport, Conn., for plaintiffs.

Hugh A. Hoyt, Bridgeport, Conn., Francis M. Shea, Alfred L. Scanlan, Washington, D. C., for defendants.

CLARIE, District Judge.

PLAINTIFFS' MOTION TO LIMIT INTERROGATORIES AND PLAINTIFFS' OBJECTION TO INTERROGATORIES (filed July 15, 1961)

This is an action, brought under the court's diversity jurisdiction, to enforce

a written contract and for damages for its alleged breach. Defendants have filed a counter-claim for damages against certain named plaintiffs for breach of the same contract and for damages caused by the actions of an alleged conspiracy among certain named plaintiffs.

Plaintiffs have moved for the limitation of interrogatories to those answered and object to certain interrogatories for the following reasons: (1) the defendants are seeking the same information by deposition; (2) answers requested would be voluminous and repetitious of the oral depositions; (3) many of the answers requested require claims of law to be stated; (4) the interrogatories are lengthy and burdensome and are being made for the purpose of embarrassment, oppression and harassment.

Under the amended rules of civil procedure, No. 33, 28 U.S.C.A., the methods of discovery are complementary, rather than alternative or exclusive. A party may take both depositions and interrogatories, as long as he is not attempting to circumvent a ruling of the court, or to harass or oppress the adverse party.[1] The burden is on the objecting party to show that a hardship or injustice will be caused by the use of successive methods of discovery.[2]

Until such time as the court is satisfied that bad faith or harassment motivates the movers' action, the court will not intervene to limit the scope of pre-trial discovery. The plaintiffs have failed to make such a showing in the case at bar. The plaintiffs purport to represent a number of individuals and have made a number of claims against the defendants; the defendants have filed a counter-claim which involves a number of issues; and in general the case is a complicated one. Therefore, it is natural that the extent of discovery is necessarily greater in a case such as this than it would be in a case involving a simplified set of facts. The guide is not the number of interrogatories propounded or the fact that the interrogating party is using successive methods of discovery, but rather it is whether or not the demands are unduly burdensome or oppressive as viewed with relation to the case itself.[3] A general objection that the interrogatories are too numerous or burdensome will not suffice.

The plaintiffs' motion to limit interrogatories is denied.

## RULING ON PLAINTIFFS' OBJECTION TO INTERROGATORIES

Plaintiffs have objected to 28 of the 116 interrogatories filed by the defendants. In passing on these objections, it may be useful to review some of the applicable principles governing the use of interrogatories.

Interrogatories may be used for several different purposes. They enable a party to ascertain facts and to procure evidence or secure information as to where pertinent evidence exists and can be obtained. Interrogatories assist in narrowing issues and enabling the interrogating party to determine what he will have to meet at trial.[4]

In using interrogatories for the latter purpose, it is permissible to inquire into matters already within the interrogating party's own knowledge or as to the adverse party's contentions or as to his mental operation in respect to relevant issues. Thus by interrogatories,

1. 4 Moore, Federal Practice § 33.09 (2d ed. 1950); Barron & Holtzoff, Federal Practice and Procedure § 772 (1960).

2. B. & S. Drilling Co. v. Halliburton Oil Well Cementing Co., 24 F.R.D. 1 (D. Tex.1959); Kainz v. Anheuser-Busch, Inc., 15 F.R.D. 242 (W.D.Ill.1954).

3. Hoffman v. Wilson Line, Inc., 7 F.R.D. 73 (E.D.Pa.1946); Canuso v. City of Niagara Falls, 4 F.R.D. 362 (W.D.N.Y. 1945).

4. Aktiebolaget Vargos v. Clark, 8 F.R.D. 635 (D.D.C.1949).

one may obtain admissions from an adverse party and thereby limit the subject of controversy at the trial. Similarly, it would not seem to be objectionable to inquire as to the adverse party's damages or the method by which they were computed.

In general, the scope and use of interrogatories has been given a broad and liberal construction in the interest of obtaining a fair trial and eliminating surprise. Any matter which is not privileged may be inquired into so long as it is relevant to the subject matter of the action. Nevertheless, the court may in the exercise of its discretion limit the use and extent of interrogatories when the interests of justice require such action.[5]

It is possible that some of the interrogatories propounded by the defendants call for opinions, contentions or conclusions. The correct approach in passing on the propriety of interrogatories in that respect is set out in Taylor v. Sound Steamship Lines, 100 F.Supp. 388, at 389 (D.Conn.1951). In deciding that case, Chief Judge Hincks said: "The applicable test, I think, should not be left to fine-spun distinctions between 'knowledge' and belief based upon information from other sources. Rather, it is the practical test which has been well stated by Professor Moore when he poses the question 'would an answer serve any substantial purpose.' "

In the light of these principles, the court will allow interrogatories numbered 2, 3, 8, 27, 46, 47, 53, 55, 56, 59, 60, 61, 73, 74, 77, 80, 84, 86, 89, 90 and 112. While some of these interrogatories are not relevant to the subject matter of the plaintiffs' case, they are relevant to the subject matter in issue arising out of the defendants' cross-complaint. The court will allow interrogatory numbered 19, excluding that portion of the interrogatory in parenthesis.

The defendants concede that the plaintiffs should not be required to answer interrogatories numbered 91, 108, and 109; therefore, the objections to those interrogatories are sustained.

Objections to interrogatories numbered 66, 110, and 116 are also sustained.

An order is hereby entered accordingly.

## RULING ON PLAINTIFFS' MOTION TO STRIKE (filed July 29, 1961)

Plaintiffs have moved to strike the defendants' Third, Fourth, and Seventh defenses on the ground that they are insufficient defenses.

Under Rule 12(f), a motion to strike must be filed within 20 days after service of the answer on the moving party, or "upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense * * *". The plaintiffs did not file their motion within the 20 day period, but since this court may upon its own initiative order insufficient defenses stricken at any time, it will decide the question.

A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear.[6] Each of the defenses, which the plaintiffs have requested to be stricken, does raise a question of law which this court ought to hear. Therefore, the motion to strike is denied. The court's action, however, does not relate to the merits of the issues raised by such defenses.

5. Newell v. Phillips Petroleum Co., 144 F.2d 338 (10th Cir. 1944).

6. 2 Moore, Federal Practice § 12.21 at 2320 (2d ed. 1960); Milkman v. Aetna Life Ins. Co., 36 F.Supp. 116 (E.D. N.Y.1941); Burke v. Mesta Machine Co., 5 F.R.D. 134 (W.D.Pa.1946).

RULING ON DEFENDANTS' MOTION FOR ORDER TO COMPEL ANSWERS TO CERTAIN INTERROGATORIES (filed Sept. 12, 1961)

Defendants, pursuant to Rule 37(a), have requested that the court enter an order compelling plaintiffs to answer those 28 interrogatories to which the plaintiffs have objected and also, to answer in a responsive manner 13 other interrogatories which the defendants allege were not previously adequately answered. The 28 objected to interrogatories have now been ruled upon and the plaintiffs are ordered to answer interrogatories numbered 2, 3, 8, 19, 27, 46, 47, 53, 55, 56, 59, 60, 61, 73, 74, 77, 80, 84, 86, 89, 90, and 112 within 30 days from the date of this order.

In regard to the remaining 13 interrogatories which are claimed to be answered in an unresponsive manner, the court finds as follows:

Interrogatories numbered 6, 7, 15, 32, 33, 51, 64, 65, 93, 106, and 111 are answered sufficiently. Plaintiffs' answers to interrogatories numbered 16 and 88 are unresponsive.

Plaintiffs are ordered to answer interrogatories numbered 16 and 88 in a responsive manner within 30 days.

DEFENDANTS' MOTION TO STAY THE TAKING OF DEPOSITIONS (filed August 12, 1961)

Denied. The parties are ordered to complete the taking of depositions within 60 days from the date of this order.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (filed July 7, 1961)

The court after having reviewed the file and the multiple depositions therein, reserves decision at this time on the Defendants' motion for summary judgment until such time as the plaintiffs have completed the taking of depositions and have answered defendants interrogatories. At that time, the matter will be re-assigned for further argument.