ANNE L. ESSON, Transferee of ELMORE Y. LINGLE, ET AL., [1] v. COMMISSIONER OF INTERNAL REVENUE, Respondent Esson v. Commissioner
Docket No. 4874-72, 4875-72, 4876-72, 4877-72, 4878-72, 4879-72, 4880-72, 4881-72, 4882-72, 4883-72, 4884-72, 4885-72.
United States Tax Court
T.C. Memo 1975-121; 1975 Tax Ct. Memo LEXIS 248; 34 T.C.M. (CCH) 586; T.C.M. (RIA) 750121; May 5, 1975, Filed *248 Philip J. Erbacher, for the petitioners. Joe K. Gordon, for the respondent. FORRESTER
MEMORANDUM OPINION FORRESTER, Judge: The central issue in each of the cases listed above is the proper valuation for gift tax purposes of shares of stock in a corporation, Packers Advisory Company (Packers). While there has been no formal order of consolidation, the different petitioners' motions for further answers to interrogatories were all heard at the same time, the issues involved being virtually identical, and all petitioners being represented by the same attorney. Thus, we feel that all the motions presented may be appropriately dealt with by a single opinion. In the motions before us, petitioners have asked that we order respondent to answer interrogatories which attempt to ascertain how respondent has gone about valuing the shares of Packers. Respondent, in his statutory notices in the instant cases, has determined that these shares were worth $1,000 a share in 1967, and $2,000 a share in 1968. His determinations result in deficiencies in gift tax for the petitioner-donors in docket Nos. 4882-4885, and in outstanding transferee liabilities for the petitioner-donees *249 in docket Nos. 4874-4881. We think petitioners are clearly entitled to discover from respondent any facts of which respondent is aware which relate to the valuation of Packers' shares. Such facts fall within the allowable scope of discovery as posited in Rule 70(b), Tax Court Rules of Practice and Procedure: (b) Scope of Discovery: The information or response sought through discovery may concern any matter not privileged and which is relevant to the subject matter involved in the pending case. It is not ground for objection that the information or response sought will be inadmissible at the trial, if that information or response appears reasonably calculated to lead to discovery of admissible evidence, regardless of the burden of proof involved. * * * Respondent objects to many of the interrogatories on the grounds that the interrogatories are either more properly requests for admissions or relate to matters about which petitioners are already knowledgeable due to their familiarity with Packers. However, in line with *250 the overriding purpose of discovery, which is to facilitate the narrowing of issues of fact and law, such objections have not been found to be valid ones when posed against interrogatories which are otherwise proper, and we do find them to be valid in the instant cases. See Erone Corporation v. Skouras Theatres Corp.,22 F.R.D. 494, 500 (S.D.N.Y. 1958); Novak v. Good Will Grange No. 127,Patrons of Husbandry, Incorporated,28 F.R.D. 394 (D. Conn. 1961); United States v. Article of Drug, Etc.,43 F.R.D. 181 (D. Del. 1967); 4 Moore's Federal Practice, par. 26.59, p. 26-219--26-220 (2d ed. 1974); see P. T. & L. Construction Co.,63 T.C. 404 (1974). Nor do we think, to the extent petitioner is attempting to discover from respondent only actual facts which relate to the value of Packers' shares, that he is "going behind" respondent's notices, as that term was used in Greenberg's Express, Inc.,62 T.C. 324 (1974). However, to the extent that by certain interrogatories, petitioners have sought *251 to discover how respondent weighed the various elements of factual data in making his determinations as to value, we think that petitioners are seeking discovery of an adverse party's mental impressions and analyses of a case, areas which are not generally open to discovery under our rules. P. T. & L. Construction Co.,63 T.C. at 414; note to Rule 70(b)Tax Court Rules of Practice and Procedure (60 T.C. 1098). Cf. Hickman v. Taylor,329 U.S. 495 (1947). As to such interrogatories, and also as to several other of petitioners' interrogatories which we have found to be either repetitious or not "reasonably calculated to lead to discovery of admissible evidence" (Rule 70(b) Tax Court Rules of Practice and Procedure), we hold that no further response from respondent is required. An order will be issued in accordance herewith.
Footnotes
1. This Memorandum Opinion relates also to the cases of the following petitioners: Anne L. Esson, Transferee of Florence A. Lingle, docket No. 4875-72; Susan L. VanLoon, Transferee of Elmore Y. Lingle, docket No. 4876-72; Susan L. VanLoon, Transferee of Florence A. Lingle, docket No. 4877-72; Theodore A. Wilson, Transferee of Garland Wilson, Jr., docket No. 4878-72; Theodore A. Wilson, Transferee of Jane Wilson, docket No. 4879-72; Garland Wilson, III, Transferee of Garland Wilson, Jr., docket No. 4880-72; Garland Wilson, III, Transferee of Jane Wilson, docket No. 4881-72; Elmore Y. Lingle, docket No. 4882-72; Florence A. Lingle, docket No. 4883-72; Garland Wilson, Jr., docket No. 4884-72; and Jane Wilson, docket No. 4885-72.↩