Jesus **MARTINEZ**, Alvaro Castillo, and Jose Melchor on Behalf of All Others Similarly Situated, Gilberto Martinez and Enrique Martinez, Plaintiffs,

v.

MacHUGH FARMS, INC., Isiah Turner, in his Capacity as Director of the Washington State Employment Security Department, and Washington State Employment Security Department, Defendants.

No. C90–5040TB.

United States District Court,
W.D. Washington.

Jan. 7, 1991.

Rebecca Ann Smith, Evergreen Legal Services, Everett, Wash., for plaintiffs.

Michael Frederick Nienstedt, Stephen L. Farnell, Winston & Cashatt, Spokane, Wash., for MacHugh Farms, Inc.

Teresa M. Morris, Kathy Lou Nolan, Atty. General's Office, Employment Security, Olympia, Wash., for Isiah Turner and Washington State Employment Security Dept.

ORDER 1) DENYING DEFENDANT'S MOTION TO COMPEL; 2) GRANT-ING DEPARTMENT OF LABOR'S MOTION TO QUASH SUBPOENAS; and DENYING MOTION TO SHOR-TEN TIME AS MOOT

BRYAN, District Judge.

THIS MATTER comes before the court on the Defendant MacHugh Farms, Inc.'s ("MacHugh") Motion to Compel Testimony, the United States Department of Labor's ("DOL") Motion to Quash Subpoenas, and the DOL's Motion to Shorten Time to Hear the Motion to Quash Subpoenas. The court has considered the pleadings and exhibits filed in support of and in opposition to these motions, and the file herein. For the reasons stated herein, MacHugh's motion to compel testimony should be denied and the DOL's motion to quash should be granted.

FACTUAL/PROCEDURAL
BACKGROUND

In the ordinary course of discovery, MacHugh served deposition notices on two DOL employees, Ruth Kapetan and James Schuelke, seeking to obtain detailed information pertaining to the review process used by the DOL in evaluating and approving (or disapproving) clearance orders. The clearance orders set a piece rate for wages in the geographical area of the intended employment for farm workers. The rates established in a clearance order must comply with federal and state regulations. Originally, the DOL was a party to this lawsuit but was dismissed pursuant to a settlement with the plaintiffs.

Incidental to the settlement, Ms. Kapetan signed an affidavit giving some information on the review process of clearance orders.

On receipt of the deposition notices, the Deputy Solicitor refused to allow Ms. Kapetan and Mr. Schuelke to be deposed, relying on his authority established in the DOL's regulations, 29 CFR Sec. 2.20–2.25. The Deputy Solicitor stated two reasons for denying its employees permission to testify: First,

... the Department's regulations speak for themselves and are self-explanatory in their requirements without the need for further explanation from either Ms. Kapetan or Mr. Schuelke whose personal understanding of such regulations have no bearing upon the requirements ...

and second,

... the specific information you seek regarding their individual participation in

the approval of the MacHugh Farms' clearance order is pre-decisional advice, opinion and/or recommendations which are subsumed into the final decision reached by the agency.

Ex. P to Defendant MacHugh Farms' Memorandum in Support of Motion to Compel Testimony (citations omitted).

In support of its motion to compel the depositions, MacHugh argues that the DOL erroneously relies on the doctrine of "executive privilege" established in *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena,* 40 F.R.D. 318 (D.D.C.1966), *aff'd,* 384 F.2d 979 (D.C.Cir.1967), *cert. denied,* 389 U.S. 952, 88 S.Ct. 334, 19 L.Ed.2d 361 (1967). From MacHugh's view of the law, this privilege is not an absolute one. MacHugh contends that the administrative authority to protect agency information, set forth in *United States ex rel. Touhy v. Regan,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), is subject to judicial supervision, and that the government's interest in preventing disclosure of the consultative functions of government must be balanced with the private litigant's right to defend a civil lawsuit. *See, e.g., U.S. v. 30 Jars More or Less,* 43 F.R.D. 181, 190 (D.Del.1967); *Committee for Nuclear Responsibility, Inc. v. Seaborg,* 463 F.2d 788 (D.C.Cir. 1971). MacHugh contends that the testimony of these employees bears heavily on its defense that it relied on a DOL approved clearance order, which was later determined to be in error. As a result, MacHugh claims that it did not intentionally harm the plaintiffs or violate any of their rights.

In response, the DOL argues that MacHugh has mischaracterized the DOL's authority to deny permission to allow its employees to testify as a "privilege." The DOL argues that the U.S. Supreme Court, in the *Touhy, supra,* decision, held that the department head of a federal agency, acting within the ambit of a valid regulation, has the power to order its subordinates to refuse to comply with a subpoena duces tecum. 340 U.S. at 467–68, 71 S.Ct. at 418–19. As noted in the DOL's memorandum at page 4, numerous courts have relied on this holding to enforce department

heads' refusals to comply with discovery requests, when based on a valid regulation. Since MacHugh is not attacking the validity of the regulation, the DOL contends that the position of the Deputy Solicitor must be upheld. *See, Swett v. Schenk,* 792 F.2d 1447 (9th Cir.1986). The DOL further argues that, under 5 U.S.C. Sec. 701(a)(2), its refusal is not subject to judicial review.

## DISCUSSION

The pertinent part of the regulation at issue, 29 CFR Sec. 2.22, states:

... No employee or former employee of the Department of Labor shall, in response to a demand of a court or other authority, produce any material contained in the files of the Department, or disclose any information relating to material contained in the files of the Department, or disclose any information or produce any materials acquired as part of the performance of his official duties or because of his official status, without approval of the appropriate Deputy Solicitor of Labor.

The authority for this regulation is derived from 5 U.S.C. Sec. 301, which clearly gives the Deputy Solicitor of the DOL control over the dissemination of information by subordinates. MacHugh has not attacked the validity of this regulation. Therefore, it is presumed to be valid, and the Deputy Solicitor's exercise of discretion under this regulation must also be presumed to be valid. *Swett, supra.*

The parties' contentions regarding the reviewability of the Deputy Solicitor's action should also be addressed. Generally, a person who suffers a "legal wrong" at the hands of an agency, is entitled to obtain judicial review of the agency action. 5 U.S.C. Sec. 702. Certain exceptions are contained in 5 U.S.C. Sec. 701(a). The DOL relies on the exception cited in 5 U.S.C. Sec. 701(a)(2): "This chapter applies, according to the provisions thereof, except to the extent that— ... (2) agency action is committed to agency discretion by law."

The U.S. Supreme Court, in *Heckler v. Chaney,* 470 U.S. 821, 830, 105 S.Ct. 1649,

1655, 84 L.Ed.2d 714 (1985), interpreted Sec. 701(a)(2) as follows: "[Judicial] review is not to be had if the statute [regulation] is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." In *Local 2855, AFGE (AFL–CIO) v. United States*, 602 F.2d 574 (3rd Cir.1979), the Third Circuit applied the *Chaney* holding and established a set of factors to consider when determining the reviewability of an agency decision. These criteria are listed in *Davis Enterprises v. U.S. E.P.A.*, 877 F.2d 1181, 1185 (3rd Cir.1989):

> [W]hether 1) the action involves broad discretion, not just the limited discretion inherent in every agency action; 2) the action is the product of political, military, economic, or managerial choices that are not readily subject to judicial review; and 3) the action does not involve charges that the agency lacked jurisdiction, that the decision was motivated by impermissible influences such as bribery or fraud, or that the decision violates a constitutional, statutory, or regulatory command.

(Quoting *Local 2855, AFGE (AFL–CIO) v. United States*, 602 F.2d at 578–80 (citations omitted).)

A careful review of the regulation at issue here indicates that none of those factors exist. First, the DOL has not limited its discretion in any way. The regulation does not require the Solicitor (or the Deputy) to consider any particular circumstances before exercising his discretion. Second, the reasons for the agency action appear to be managerial choices with strong roots in efficient internal operations of the agency. Third, there has been no claim that the action was without jurisdiction, was motivated by improper influences or was in violation of any other law. Therefore, it appears that the agency action is not reviewable by this court.

Echoing the same sentiment expressed by the Ninth Circuit in the *Swett* decision (792 F.2d at 1450), the court appreciates MacHugh's frustration at not being allowed to conduct typical discovery. MacHugh has received some information from the DOL, in the form of Ms. Kapetan's affidavit. MacHugh's position [that this court has the discretion to countermand or second-guess the Deputy Solicitor's decision] is not supported by authority in the law. Finally, as the DOL has aptly pointed out, MacHugh has not properly challenged the DOL's refusal to testify by a direct action against the DOL pursuant to 5 U.S.C. Sec. 702. *See also, Swett*, 792 F.2d at 1452, fn. 2.

For these reasons, it is hereby

ORDERED the Defendant's Motion to Compel Testimony is DENIED; and it is further

ORDERED that the United States Department of Labor's Motion to Quash Subpoenas is GRANTED; and it is hereby

ORDERED that the United States Department of Labor's Motion to Shorten Time to Hear Motion to Quash Subpoenas is DENIED AS MOOT.